IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al. <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS M. GUTIERREZ, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:07CV00333 (ESH) |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Carlos M Gutierrez, Secretary of Commerce; and William T. Hogarth, Assistant Administrator of the National Marine Fisheries Service ("NMFS") (collectively "Federal Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by The Humane Society of the United States and The Ocean Conservancy (collectively "Plaintiffs"):

**INTRODUCTION**

1. The allegations set forth in Paragraph 1 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

2. The allegations set forth in Paragraph 2 constitute Plaintiffs' legal conclusions, to which no response is required.

3. With respect to the allegations in the first sentence of Paragraph 3, Federal Defendants deny that NMFS has ignored the statutory deadline of the Marine Mammal Protection Act ("MMPA"). Federal Defendants admit the remaining allegations in the

Fed. Defs' Answer to Pls' Cmplt. For Decl. and Inj. Relief
Page 1

first sentence of Paragraph 3. The allegations in the second sentence of Paragraph 3 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

## JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 are legal conclusions to which no response is required.

5. The allegations set forth in Paragraph 5 are legal conclusions to which no response is required.

## PARTIES

6. Federal Defendants lack sufficient knowledge to admit or deny the allegations in the first, second, third and fourth sentences of Paragraph 6, and on that basis deny the allegations. Federal Defendants admit the allegations in the fifth sentence of Paragraph 6.

7. Federal Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 7, and on that basis deny the allegations.

8. Federal Defendants lack sufficient knowledge to admit or deny the allegations in the first, second, and third sentences of Paragraph 8, and on that basis deny the allegations. Federal Defendants admit the allegations in the fourth sentence of Paragraph 8.

9. Federal Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 9, and on that basis deny the allegations.

10. Federal Defendants admit the allegations in Paragraph 10.

11. Federal Defendants admit the allegations in Paragraph 11.

12.     The allegations set forth in Paragraph 12 constitute Plaintiffs' description of their Complaint, to which no response is required.

## STATUTORY BACKGROUND

13.     The allegations in Paragraph 13 characterize 16 U.S.C. § 1361 and § 1362, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

14.     The allegations in Paragraph 14 characterize 16 U.S.C. § 1362 and § 1371, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

15.     The allegations in Paragraph 15 characterize 16 U.S.C. § 1387, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

16.     The allegations in Paragraph 16 characterize 16 U.S.C. § 1387, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

17.     The allegations in Paragraph 17 characterize 16 U.S.C. § 1387 and § 1362, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

18.     The allegations in Paragraph 18 characterize 16 U.S.C. § 1387 and § 1362, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

19. The allegations in Paragraph 19 characterize 16 U.S.C. § 1387, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

20. The allegations in Paragraph 20 characterize 16 U.S.C. § 1387, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

21. The allegations in Paragraph 21 characterize 16 U.S.C. § 1387, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

22. The allegations in Paragraph 22 characterize 5 U.S.C. § 706, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

## FACTUAL BACKGROUND

23. Defendants admit the allegations in the first sentence of Paragraph 23. Federal Defendants deny the allegations in the second sentence, and aver that ship strike and entanglement are both threats to Atlantic large whales. Federal Defendants admit the allegations in the third sentence of Paragraph 23. Federal Defendants lack sufficient knowledge to admit or deny the allegations in the fourth sentence of Paragraph 23, and on that basis deny the allegations. Federal Defendants aver that there were seventeen documented entanglements resulting in the serious injury and mortality of right whales between 1991 and 2005, and the average length of time from the date initially observed with gear to the time of mortality was approximately eleven months. With respect to the allegations in the fifth sentence of Paragraph 23, Federal Defendants deny that gear

always cinches tighter over time, and admit the remaining allegations.  Federal Defendants admit the allegations in the sixth and seventh sentences of Paragraph 23. With respect to the al1egations in the eighth sentence of Paragraph 23, Federal Defendants admit that some scientists consider fishing gear entanglement to be a major animal welfare issue for endangered whales.

      24.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 24.  Federal Defendants admit the allegations in the third sentence of Paragraph 24, and aver that NMFS estimates human-caused mortality and serious injury to be below PBR.

      25.    With respect to the allegations in the first sentence of Paragraph 25, Federal Defendants aver that, as of 2001, the population of western North Atlantic right whales was estimated to be, at a minimum, 306 individuals.  Federal Defendants admit the remaining allegations contained in the first sentence of Paragraph 25.  Federal Defendants admit the allegations in the second and third sentences of Paragraph 25.  The allegations in the fourth sentence of Paragraph 25 characterize 69 Fed. Reg. 30,857 (June 1, 2004), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain meaning are denied.  Federal Defendants admit the allegations in the fifth sentence of Paragraph 25.

      26.    Federal Defendants admit the allegations contained in the first and second sentences of Paragraph 26.  With respect to the allegations in the third sentence of Paragraph 26, Federal Defendants admit that NMFS determined that the death of right whale #3107 was an entanglement-related mortality.  Federal Defendants deny the remaining allegations in the third sentence.

27.     Federal Defendants admit the allegations in the first, second and third sentences of Paragraph 27. With respect to the allegations in the fourth sentence, Federal Defendants aver that the minimum population estimate for the Gulf of Maine stock of humpback whales is 647. Federal Defendants admit the remaining allegations in the fourth sentence. With respect to the allegations in the fifth sentence of Paragraph 27, Federal Defendants aver that NMFS estimates annual mortalities and serious injuries from all sources of human interaction at 3.8 animals per year. Federal Defendants admit the remaining allegations in the fifth sentence. Federal Defendants admit the allegations in the sixth sentence of Paragraph 27.

28.     Federal Defendants deny the allegations in the first sentence of Paragraph 28. Federal Defendants aver that the 2005 Stock Assessment indicates that eight humpback whales were seriously injured or killed as a result of entanglement between 2002 and 2003. Federal Defendants further aver that the 2006 U.S. Atlantic and Gulf of Mexico Marine Mammal Stock Assessment indicates that nine humpback whales were seriously injured or killed as a result of entanglement between 2002 and 2003. Federal Defendants admit the allegations in the second sentence, and aver that the 2007 draft stock assessment is not final or publicly available. With respect to the allegations in the third sentence of Paragraph 28, Federal Defendants aver that the response teams classified two humpbacks as "severely injured" and one humpback as "the prognosis for survival is poor." Federal Defendants admit the remaining allegations in the third sentence of Paragraph 28.

29.     Federal Defendants admit the allegations in the first sentence of Paragraph 29. Federal Defendants deny the allegations in the second sentence of Paragraph 29, and

aver that NMFS' minimum population estimate for the Western North Atlantic fin whale stock is 2,362.  Federal Defendants admit the allegations in the third sentence of Paragraph 29, and aver that the estimate of 1.4 animals per year relates to human-caused serious injuries and mortalities, including fishery interactions and vessel collisions.  Federal Defendants admit the allegations in the fourth sentence of Paragraph 29.  Federal Defendants admit the allegations in the fifth sentence, and aver that the 2007 draft stock assessment is not final or publicly available.

      30.    Federal Defendants admit the allegations in Paragraph 30.

      31.    Federal Defendants admit the allegations in the first sentence of Paragraph 31.  With respect to the allegations in the second sentence of Paragraph 31, Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that the fishing gear was "compliant with NOAA Fisheries' TRP," and therefore deny the same.  Federal Defendants admit the remaining allegations in the second sentence.  Federal Defendants admit the allegations in the third sentence of Paragraph 31.  The allegations in the fourth sentence of Paragraph 31 characterize 70 Fed. Reg. 35,894 (June 21, 2005), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain meaning are denied.  With respect to the allegations in the fifth sentence of Paragraph 31, Federal Defendants admit that NMFS determined that the death of right whale #3107 was an entanglement-related mortality.  Federal Defendants deny the remaining allegations in the fifth sentence, and aver that weak links with a maximum breaking strength of 600 pounds are required in some, but not all, ALWTRP management areas.

32.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 32.  With respect to the allegations in the third sentence, Federal Defendants admit that NMFS proposed TRP amendments in June 2005.  The remaining allegations in the third sentence of Paragraph 32 are legal conclusions, to which no response is required.

33.    Federal Defendants admit the allegations in the first sentence of Paragraph 33.  With respect to the allegations in the second sentence, Federal Defendants admit that NMFS has not issued a final rule for the TRP amendments.  The remaining allegations in the second sentence of Paragraph 33 characterize 16 U.S.C. § 1387, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain meaning are denied.

## PLAINTIFFS' CLAIM FOR RELIEF

34.    Federal Defendants incorporate by reference their answers to Paragraphs 1-33 above.

35.    The allegations set forth in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 35.

36.    Federal Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 36, and on that basis deny the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, to which

no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## **GENERAL DENIAL**

Federal Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## **DEFENSES**

1.　Plaintiffs fail to state a claim for which relief can be granted.

WHEREFORE, Federal Defendants respectfully request that this Court deny all relief sought by Plaintiffs, grant judgment to Federal Defendants, and grant Federal Defendants any other appropriate relief.

Dated: April 23, 2007　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　MATTHEW J. MCKEOWN
　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General
　　　　　　　　　　　　　　　　　　JEAN E. WILLIAMS, Chief
　　　　　　　　　　　　　　　　　　SETH M. BARSKY, Assistant Chief
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　Environment and Natural Resources Division
　　　　　　　　　　　　　　　　　　Wildlife and Marine Resources Section

　　　　　　　　　　　　　　　　　　/s/ Kristen Byrnes Floom
　　　　　　　　　　　　　　　　　　KRISTEN BYRNES FLOOM, Trial Attorney
　　　　　　　　　　　　　　　　　　DC Bar No. 469615
　　　　　　　　　　　　　　　　　　P.O. Box 7369
　　　　　　　　　　　　　　　　　　Washington, D.C. 20044-7369
　　　　　　　　　　　　　　　　　　Telephone: (202) 305-0210
　　　　　　　　　　　　　　　　　　Facsimile: (202) 305-0275
　　　　　　　　　　　　　　　　　　Kristen.Floom@usdoj.gov

　　　　　　　　　　　　　　　　　　Attorneys for Federal Defendants