**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 1:07-cv-00333-ESH ) |
| THE HONORABLE CARLOS M. GUTIERREZ, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**PROPOSED ANSWER OF MOVANT MAINE LOBSTERMEN'S ASSOCIATION**

COMES NOW the Maine Lobstermen's Association ("MLA"), and in answer to Plaintiffs' Complaint hereby admits, denies, and avers as follows:

**INTRODUCTION**

1.    The allegations in paragraph 1 are a characterization of Plaintiffs' case, to which no response is required, and the terms of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §§ 1362-1421h, which is a provision of law that speaks for itself.  To the extent a response is required, MLA denies the allegations in paragraph 1.

2.    The allegations in the first sentence of paragraph 2 are a characterization of Plaintiffs' case, to which no response is required, and the terms of the MMPA, 16 U.S.C. § 1387(f), which is a provision of law that speaks for itself.  MLA avers that any document listing the species as endangered pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, is the best evidence of its contents, although it further avers that to the best of its knowledge, the whale species at issue are so listed.  The remaining allegations of the second

sentence are conclusions of law to which no response is required.  Otherwise, MLA denies the allegations in paragraph 2.

3.      The allegations in paragraph 3 are a characterization of Plaintiffs' case and conclusions of law, to which no response is required.   To the extent a response is requires, MLA denies the allegations in paragraph 3..

## JURISDICTION AND VENUE

4.      The allegations in paragraph 4 constitute Plaintiffs characterization of their case, to which no response is required, and the remaining allegations in paragraph 4 purport to characterize 28 U.S.C. §§ 1331 & 1361, statutes which speak for themselves.

5.      The allegation in paragraph 5 regarding venue is a conclusion of law to which no response is required.

## PARTIES

6.      MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 6 and on that basis denies the same.

7.      The allegations in paragraph 7 in part constitute a characterization of Plaintiffs' case, to which no response is required.  MLA is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies the same.

8.      MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies the same.

9.      The allegations in paragraph 9 in part constitute a characterization of Plaintiffs' case, to which no response is required.  MLA is without sufficient information or knowledge to

form a belief as to the truth of the remaining allegations in paragraph 9 and on that basis denies the same.

10.    Admits that Defendant Carlos Gutierrez is Secretary of Commerce, and avers that that such, Secretary Gutierrez has responsibility for the agencies within the Commerce Department.  MLA denies any implication with respect to the Secretary's responsibility inconsistent with this authority.  The allegations in the second sentence of paragraph 10 constitute a characterization of Plaintiffs' case, to which no response is required.

11.    Admits that Dr. William T. Hogarth serves as Assistant Administrator for Fisheries and that NOAA Fisheries, officially referred to as the National Marine Fisheries Service, is an agency within the Department of Commerce.   As to the remaining allegations in the first sentence of paragraph 11, admits that NOAA Fisheries has been generally delegated authority over threatened and endangered marine species in the marine environment, and avers that any such delegation of authority represents the best evidence of its contents, and therefore denies Plaintiffs characterization of the same.  The allegations in the second sentence of paragraph 11 constitute a characterization of Plaintiffs' case, to which no response is required.

12.    Paragraph 12 is a characterization of Plaintiffs' case, to which no response is required.

## STATUTORY BACKGROUND

13.    Denies the allegations contained in the first sentence of paragraph 13 as they purport to characterize 16 U.S.C. § 1361(1), (6), a statue which speaks for itself and is the best evidence of its contents.  Denies the allegations in the second sentence of paragraph 13 as they purport to characterize 16 U.S.C. § 1361(2) & 1362(9), statues which speak for themselves and

which are the best evidence of their contents. MLA denies any remaining allegations contained in paragraph 13.

14.    MLA denies any allegations contained in the first sentence of paragraph 14 to the extent that they are inconsistent with the express terms of the MMPA. Denies the allegations in the second and third sentence of paragraph 14 as they purport to characterize 16 U.S.C. § 1371(a)(1) & 1362(13), statues which speak for themselves and which are the best evidence of their contents. MLA denies any remaining allegations contained in paragraph 14.

15.    Denies the allegations contained in paragraph 15 as they purport to characterize 16 U.S.C. § 1387(a)(1)), a statute which speaks for itself and which is the best evidence of its contents.

16.    Denies the allegations contained in first, third and forth sentences of paragraph 16 as they purport to characterize 16 U.S.C. §§ 1387(c)(1)(A)(i), (ii), 1387(c)(2)(A), and 1387(c)(3)(A)(iii), (iv), statutes which speak for themselves and which are the best evidence of their contents. The allegations contained in the second sentence of paragraph 16 purport to characterize the "list of fisheries," a document which speaks for itself and is the best evidence of its contents, and the requirements of section 118 of the MMPA, a provision of law which speaks for itself. MLA denies any remaining allegations contained in paragraph 16.

17.    Denies the allegations contained in paragraph 17 as they purport to characterize 16 U.S.C. §§ 1387(f)(1) & 1362(19), statutes which speak for themselves and are the best evidence of their contents. MLA denies any remaining allegations contained in paragraph 17.

18.    Denies the allegations contained in the first and second sentences of paragraph 18 as they purport to characterize 16 U.S.C. §§ 1387(f)(2) and 1362(20), statutes which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of

**Proposed Answer of Movant MLA- Page 4**

paragraph 18 appear to purport to characterize the requirements of the MMPA, and MLA denies any characterization of the law inconsistent with its express terms. MLA denies any remaining allegations contained in paragraph 18.

19.    Denies the allegations contained in paragraph 19 as they purport to characterize 16 U.S.C. § 1387(f)(6)(A)(i), (ii), (f)(6)(C), a statute which speaks for itself and is the best evidence of its contents. MLA denies any remaining allegations contained in paragraph 19.

20.    Denies the allegations contained in paragraph 20 as they purport to characterize 16 U.S.C. §§ 1387(f)(7), 1387(f)(7)(A)(i), 1387(f)(7)(B)(i), (ii), 1387(f)(7)(C), 1387(f)(8), and 1387(f)(8)(C), statutes which speaks for themselves and are the best evidence of their contents. MLA denies any remaining allegations contained in paragraph 20.

21.    Denies the allegations contained in paragraph 21 as they purport to characterize 16 U.S.C. § 1387(f)(7)(F), (f)(8)(F), a statute which speaks for itself and is the best evidence of its contents. MLA denies any remaining allegations contained in paragraph 21.

22.    Denies the allegations contained in paragraph 22 as they purport to characterize 5 U.S.C. § 706(1), a statute which speaks for itself and is the best evidence of its contents.

## FACTUAL BACKGROUND

**A.**

23.    MLA avers that whales have been known to have become entangled in commercial fishing gear, leading to injury and even death in certain instances, and further avers that its members have taken extraordinary steps to avoid and mitigate such harm. MLA is without specific information or belief as to the remaining allegations contained in paragraph 23, and on that basis denies them, averring that any documents relating to the specific instances, impacts, numbers of entangled whales, and other information contained in paragraph 23 are the

best evidence of their contents. Finally, MLA has no knowledge or belief as to the allegation contained in the final sentence relating to what issues scientists believe to be major animal issues, and on that basis denies the allegations contained in the last sentence of paragraph 23. MLA denies any remaining allegations contained in paragraph 23.

24.     MLA avers that the stocks at issue have been determined to be "strategic stocks" that have interactions with certain commercial fisheries and are protected under the MMPA. MLA further avers that any declaration of the stocks at issue is the best evidence of its contents, and on that basis denies any characterization in the first sentence of paragraph 24 inconsistent with that declaration. MLA admits that the stocks at issue are considered endangered within the meaning of the ESA, but is without information or belief necessary to form an opinion about the remaining allegations contained in the second and third sentences of paragraph 24, and on that basis, denies the same. MLA denies any remaining allegations contained in paragraph 24.

25.     Denies the allegations contained in the first sentence of paragraph 25, and avers that scientists now estimate the population of the North Atlantic right whale at 450 individuals. Denies the allegations in the second sentence of paragraph 25 as they purport to characterize the contents of 35 Fed. Reg. 8495 (June 2, 1970), a document which speaks for itself and which is the best evidence of its contents. Denies the allegations in the third sentence of paragraph 25 as they purport to characterize the contents of 60 Fed. Reg. 30857, 30858 (June 1, 2004), a document which speaks for itself and which is the best evidence of its contents. Denies the allegations in the final sentence of paragraph 25 to the extent that they are inconsistent with the authorities cited, which are the best evidence of their contents and documents which speak for themselves.

26.    Denies the allegations contained in paragraph 26 as they purport to characterize the contents of the 2005 NOAA Fisheries U.S. Atlantic and Gulf of Mexico Marine Mammal Stock Assessment, which is the best evidence of its contents and a document which speaks for itself.

27.    Avers that the humpback whale is considered an endangered species for purposes of the ESA, but denies the remaining allegations contained in paragraph 27 as they purport to characterize the contents of the 2005 NOAA Fisheries U.S. Atlantic and Gulf of Mexico Marine Mammal Stock Assessment, which is the best evidence of its contents and a document which speaks for itself.

28.    Denies the allegations contained in the first and second sentences of paragraph 28 as they purport to characterize the contents of the 2005 & 2007 NOAA Fisheries U.S. Atlantic and Gulf of Mexico Marine Mammal Stock Assessment, which are the best evidence of its contents and documents which speaks for themselves.  MLA is without information or belief as to the truth or accuracy of the allegations contained in the third sentence of paragraph 28, and on that basis denies the same.

29.    Avers that the fin whale is considered an endangered species for purposes of the ESA, but denies the remaining allegations contained in the first sentence of paragraph 29 to the extent that they are inconsistent with the best scientific information available.  Denies the allegations contained in the second sentence of paragraph 29 as they purport to characterize the contents of the 2005 NOAA Fisheries U.S. Atlantic and Gulf of Mexico Marine Mammal Stock Assessment, which is the best evidence of its contents and a document which speaks for itself. Denies the allegations contained in the third and forth sentences of paragraph 29 as they purport to characterize the NOAA fisheries estimates and proposed Recovery Plan, which are the best

**Proposed Answer of Movant MLA- Page 7**

evidence of their contents and documents which speak for themselves. Denies the allegations in the final sentence of paragraph 29 as they purport to characterize the contents of the 2005 and the Draft 2007 Stock Assessment, which are the best evidence of their contents and documents which speak for themselves.

**B.**

30.     MLA avers that meetings of the Atlantic Large Whale Take Reduction Team ("ALWTRT") have occurred periodically since 1996; that the ALWTRT generally has the responsibility for recommending measures to reduce the incidence of takes of large whales; and that the ALWTRT did not reach a consensus position, but is without sufficient information or knowledge to form a belief as to the motivations of NOAA Fisheries in convening such meetings or the truth of any of the other allegations contained in the first three sentences of paragraph 30 and on that basis denies the same. Denies the last two sentences of paragraph 30 as they purport to characterize the contents of 62 Fed. Reg. 39,157 (July 22, 1997) and 64 Fed. Reg. 7529 (Feb. 16, 1999), which are the best evidence of their contents and documents which speak for themselves. MLA denies any remaining allegations contained in paragraph 30.

31.     Denies the allegations contained in the first sentence of paragraph 31. Denies the allegations contained in the second, third, and forth sentences of paragraph 31 as they purport to characterize the contents of 70 Fed. Reg. 35, 894, 35,895 (June 21, 2005), which is the best evidence of its contents and a document which speaks for itself. MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the last sentence of paragraph 31 and on that basis denies the same.

32.     MLA is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 32 and on that basis

**Proposed Answer of Movant MLA- Page 8**

denies the same. The allegations in the third sentence of paragraph 32 constitute conclusions of law and a statement of Plaintiffs' case, to which no response is required. To the extent a response is required, MLA denies the allegations contained in the last sentence of paragraph 32.

33.    Denies the allegations contained in the first sentence of paragraph 33, as they purport to characterize the contents of 70 Fed. Reg. 40,301 (July, 31, 2005), which is the best evidence of its contents and a document which speaks for itself. The allegations in the third sentence of paragraph 32 constitutes conclusions of law and a statement of Plaintiffs' case, to which no response is required. To the extent a response is required, MLA denies the allegations contained in the last sentence of paragraph 32.

**PLAINTIFF'S CLAIMS FOR RELIEF**

34.    MLA realleges and incorporates by reference its answers to paragraphs 1 through 33 as if fully set forth herein.

35.    Denies.

36.    Denies.

**REQUEST FOR RELIEF**

WHEREFORE, the Court should enter final judgment denying Plaintiff's claims and the relief Plaintiffs have requested.

Dated:  April 16, 2007                          Respectfully submitted,

                                                _____
                                                David E. Frulla  (D.C. Bar No. 414170)
                                                Shaun M. Gehan (D.C. Bar No. 483720)
                                                Andrew Minkiewicz (MA Bar No. 651209)
                                                KELLEY DRYE & WARREN, LLP
                                                3050 K Street, NW – Suite 400
                                                Washington, DC  20007

                                                Attorneys for Movant, Maine Lobstermen's
                                                Association

**Proposed Answer of Movant MLA- Page 9**